UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL JONES,

                              Plaintiff,

             -against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, WEST FACILITY,
RIKERS ISLAND, NEW YORK CITY,

                              Defendant.

21-CV-2145 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in Wende Correctional Facility, brings this *pro se*
action under 42 U.S.C. § 1983, alleging that Defendant violated his federal constitutional rights
while he was detained in West Facility on Rikers Island. By order dated April 1, 2021, the Court
granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*
("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended
complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought
by prisoners who seek relief against a governmental entity or an officer or employee of a
governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP
complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a defendant who is immune
from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. While Plaintiff was in the custody of the New York City Department of Correction ("DOC"), he was placed in administrative segregation "without notification of classification or just reasoning." (ECF 2, at

5.) [2] He was denied "the means to challenge" his classification and access to the grievance process, and he maintains that "[t]here was no opportunity to appeal and no periodic review." (*Id.*) Plaintiff alleges that DOC placed him in administrative segregation because he is gay and because of his "choice of religion," which he does not specify. (*Id.* at 6.)

While in administrative segregation, Plaintiff was confined to his cell for 24 hours a day and denied access to the law library and to recreation. He alleges that his loss of access to the law library "resulted in [his] conviction." (*Id.* at 7.) Furthermore, DOC denied Plaintiff access to mental health counseling and refused to provide batteries for Plaintiff's hearing aid.

Plaintiff maintains that the New York City Board of Correction "notified" the DOC that administrative segregation in West Facility on Rikers Island "was not sanctioned in New York City and there is no writ[t]en policy governing" the operation of an administrative segregation unit in New York City. (*Id.* at 5.)

Plaintiff seeks money damages and "the closing of Rikers Island West [F]acility compound." (*Id.* at 7.)

## DISCUSSION

Because Plaintiff alleges that his constitutional rights were violated, his claims arise under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because Plaintiff was in DOC custody in West Facility on Rikers Island, the Court assumes for the purposes of this order that he was a pretrial detainee at the time of the events giving rise to his claims.

---

[2] Page numbers refer to those generated by the Court's electronic filing system.

**A.      Claims against the New York City Department of Correction and "West Facility, Rikers Island"**

Plaintiff names as the sole Defendant in this action the "New York City Department of Corrections, West Facility, Rikers Island, New York City." To the extent Plaintiff is asserting claims against the New York City Department of Correction, those claims must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

To the extent Plaintiff intends to assert claims against West Facility or Rikers Island, the Court dismisses those claims because a jail facility is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *see, e.g.*, *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983).

**B.      Claims against the City of New York**

Plaintiff also fails to state a claim against the City of New York. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*,

131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff fails to allege facts suggesting that the City of New York has a policy, custom, or practice that has caused a violation of his constitutional rights. In fact, Plaintiff's allegations suggest that another City agency, the New York City Board of Correction, informed the DOC that the City does *not* have a policy that authorizes the violations giving rise to Plaintiff's claims. (*See* ECF 1, at 5.) The Court therefore dismisses any claims Plaintiff may be asserting against the City of New York. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Due Process Claims

The Court construes Plaintiff's allegations as asserting claims, arising under the Fourteenth Amendment, that Defendant placed him in administrative segregation in violation of his rights to substantive and procedural due process.

Because a pretrial detainee has not been convicted of any crime and therefore cannot be punished, "in assessing whether restrictions on pretrial detainees comport with substantive due process, '[a] court must decide whether the [restriction] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.'" *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 55 (2d Cir. 2017) (quoting *Bell v. Wolfish*,

5

441 U.S. 520, 538 (1979)) (alterations in original), *cert. denied*, 139 S. Ct. 49 (2018). "Absent a

showing of an expressed intent to punish, the determination whether a condition is imposed for a

legitimate purpose or for the purpose of punishment 'generally will turn on whether an

alternative purpose to which [the restriction] may rationally be connected is assignable for it, and

whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Benjamin v.*

*Fraser*, 264 F.3d 175, 188 (2d Cir. 2001) (quoting *Bell*, 441 U.S. at 538) (brackets in original). If

the conditions are "incident[s] of a legitimate nonpunitive governmental objective," they do not

violate the Due Process Clause even if they "may on [their] face appear to be punishment." *Bell*,

441 U.S. at 539 n.20.

        The two threshold questions in any claim for the denial of procedural due process are

whether the plaintiff possessed a liberty or property interest and, if so, what process was due

before plaintiff could be deprived of that interest. *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995)

(citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). A pretrial detainee generally

has a liberty interest in not being placed in administrative segregation. *See Benjamin*, 264 F.3d at

190. For pretrial detainees, the process that is due turns on whether the conditions were imposed

for punitive or administrative reasons. A prisoner placed in administrative segregation must

receive notice why he is being placed there and an opportunity to respond. *Proctor v. LeClair*,

846 F.3d 597, 609 (2d Cir. 2017) (quoting *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)). Once an

inmate has been confined to administrative segregation, officials must engage in "some sort of

periodic review" to assess whether the inmate remains a security risk. *Id.* (quoting *Hewitt*, 459

U.S. at 477 n.9).

        If the conditions were imposed for punitive reasons, however, the process due is that set

forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Under *Wolff*, "an inmate is entitled to advance

written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff*, 418 U.S. at 563-67). Assistance in presenting a defense is also guaranteed. *See Eng v. Coughlin*, 858 F.2d 889, 897 (2d Cir. 1998) (Although there is no right to counsel in disciplinary proceedings, "[p]rison authorities have a constitutional obligation to provide assistance to an inmate in marshaling evidence and presenting a defense when he is faced with disciplinary charges.").

Plaintiff alleges that his due process rights were violated when he was placed in administrative segregation without notification or the ability to challenge the determination, and without periodic review. He further alleges that, while held in administrative segregation, he was exposed to harsh conditions of confinement. In his amended complaint, Plaintiff should name as defendants those individuals who were personally and directly involved in violating his rights, reallege the facts alleged in the original complaint, and allege any additional facts in support of his claim that those defendants placed him in administrative segregation without due process.

D.    **Inadequate Medical Treatment**

Plaintiff alleges that Defendant failed to provide him with adequate mental health and medical care. These claims arise under the Due Process Clause of the Fourteenth Amendment because Plaintiff was a pretrial detainee when correctional staff allegedly denied him medical care. *Bell*, 441 U.S. at 536 n.16; *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state a medical claim under the Fourteenth Amendment, a plaintiff must state facts suggesting that (1) his medical conditions are sufficiently serious (the "objective element"), and (2) correctional staff acted with at least deliberate indifference to the challenged conditions (the "subjective element"). *See Darnell*, 849 F.3d at 29.

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Thus, a "mere disagreement over the proper treatment" is not actionable under § 1983. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Moreover, the negligence of a correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff alleges that he was denied mental health treatment and batteries for his hearing aid, but he does not specify the nature of his mental illness or allege facts suggesting that either condition "pose[d] an unreasonable risk of serious damage to his health." *Darnell*, 849 F.3d at 29. Nor does Plaintiff allege specific facts suggesting that any defendant was personally aware of the risk, or should have been aware of the risk, and failed to act with reasonable care to mitigate the risk. The Court grants Plaintiff leave to amend to name the individuals who denied him care and to allege any additional facts suggesting those defendants were deliberately indifferent to his medical needs.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his due process and medical claims.

First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se

Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-2145 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 19, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

          **-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ **Civ.** _____ (    )

I.      **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1     Name _____ Shield #_____
                      Where Currently Employed _____
                      Address _____
                      _____

*Rev. 01/2010*

Defendant  No. 2       Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3       Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 4       Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5       Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

**II.     Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.      Facts:_____

_____

_____

_____

What
happened
to you?

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |
_____
_____
_____
_____
_____
_____

| Who else saw what happened? |

**III.     Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**IV.     Exhaustion of Administrative Remedies**:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____     No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.       Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

         Yes _____      No _____      Do Not Know _____

C.       Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

         Yes _____      No _____      Do Not Know _____

         If YES, which claim(s)?
         _____

D.       Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

         Yes _____      No _____

         If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

         Yes _____      No _____

E.       If you did file a grievance, about the events described in this complaint, where did you file the grievance?
         _____

         1.       Which claim(s) in this complaint did you grieve?
         _____

         _____

         2.       What was the result, if any?
         _____

         _____

         3.       What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
         _____
         _____
         _____
         _____

F.       If you did not file a grievance:

         1.       If there are any reasons why you did not file a grievance, state them here:
         _____
         _____
         _____

_____
_____
_____

2.   If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.   Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.     Previous lawsuits:**

<table>
<tr><td>On these claims</td></tr>
</table>

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

        Yes _____ No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

        1.      Parties to the previous lawsuit:

        Plaintiff _____
        Defendants _____

        2.  Court (if federal court, name the district; if state court, name the county) _____
        _____

_____ 3.      Docket or Index number _____

_____ 4.      Name of Judge assigned to your case_____

        5.      Approximate date of filing lawsuit  _____

        6.      Is the case still pending?  Yes _____  No _____

                If NO, give the approximate date of disposition_____

        7.      What was the result of the case?  (For example:   Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
                _____
                _____

<table>
<tr><td>On other claims</td></tr>
</table>

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

        Yes _____   No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

        1.      Parties to the previous lawsuit:

        Plaintiff _____
        Defendants _____

        2.      Court (if federal court, name the district; if state court, name the county) _____
        _____

_____ 3.      Docket or Index number _____

_____ 4.      Name of Judge assigned to your case_____

        5.      Approximate date of filing lawsuit  _____

*Rev. 01/2010*                                          6

6.      Is the case still pending?  Yes _____   No _____

        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

        _____

        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                                Signature of Plaintiff      _____

                                Inmate Number          _____

                                Institution Address      _____

                                                     _____

                                                     _____

                                                     _____


<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                                Signature of Plaintiff:  _____