| UNITED STATES DISTRICT COURT | USDC SDNY |
| SOUTHERN DISTRICT OF NEW YORK | DOCUMENT |
| | ELECTRONICALLY FILED |
| | DOC #: |
| | DATE FILED: 5/19/2021 |

MICHAEL J. JONES,

                  Plaintiff,

-against-

CHIEF HAZEL JENNINGS; COMMISSIONER CYNTHIA BRANN; CAPTAIN JANE DOE; CAPTIAIN JANE DOE; DEPT JANE DOE; CITY OF NEW YORK,

                  Defendants.

21-CV-2145 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff, who is currently incarcerated in Wende Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was detained in the West Facility on Rikers Island.[1] By order dated April 1, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

## DISCUSSION

**A.    Waiver of service**

       The Clerk of Court is directed to notify the New York City Department of Correction ("DOC") and the New York City Law Department of this order. The Court requests that Hazel Jennings, Cynthia Brann, and the City of New York waive service of summons.

---

[1] By order dated April 19, 2021, Chief Judge Laura Taylor Swain granted Plaintiff leave to file an amended complaint. (ECF 5.) The Court received Plaintiff's amended complaint on May 18, 2021. The amended complaint (ECF 7) is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**B.** *Valentin* **order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the DOC to identify the Jane Doe defendants whom Plaintiff alleges denied him access to mental health medication and counseling and confiscated his hearing devices while Plaintiff is in administrative segregation at West Facility between February 2018 and May 2018. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of DOC, must ascertain the identity and badge number of each Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[3] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the Jane Doe defendants. The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order asking Defendants to waive service.

---

[3] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

C. **Application for *pro bono* counsel**

Plaintiff also filed an application for the Court to request *pro bono* counsel. (ECF 6.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

D. **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Defendants Hazel Jennings, Cynthia Brann, and the City of New York waive service of summons.

The Clerk of Court is directed to mail a copy of this order and the amended complaint to the New York City Law Department at: 100 Church Street, New York, New York 10007.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel (ECF 6) without prejudice to renewal at a later date.

SO ORDERED.

Dated: May 19, 2021
       New York, New York

                                              _____
                                              MARY KAY VYSKOCIL
                                              United States District Judge