```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| MICHAEL J. JONES,<br><br>                                Plaintiff,<br><br>         -against-<br><br>NEW YORK CITY DEPARTMENT OF<br>CORRECTIONS et al.,<br><br>                                Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:   9/3/2024<br><br>21-cv-2145 (MKV)<br><br>ORDER OF DISMISSAL |

MARY KAY VYSKOCIL, United States District Judge:

This case has been pending since March 2021 [ECF No. 1]. Plaintiff, who is proceeding *pro se*, has not taken any action to prosecute this case since April 2023 [ECF No. 62]. The Court has issued Orders To Show Cause why this case should not be dismissed for failure to prosecute [ECF Nos. 74, 75], but Plaintiff has failed to respond to those Orders and otherwise to prosecute his case. Accordingly, for the reasons set forth below, this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, initiated this case by filing a complaint in March 2021 [ECF No. 2]. In his original complaint, he alleged that his constitutional rights were violated while he was detained in West Facility on Rikers Island. In particular, he alleged that he was placed in administrative segregation without due process [ECF No. 2 at 5]. The case was assigned to Chief Judge Swain. After screening the complaint, Chief Judge Swain issued an order directing Plaintiff to amend his complaint or this case would be dismissed for failure to state a claim upon which relief may be granted [ECF No. 5].

Plaintiff filed an amended complaint [ECF No. 7], and the case was reassigned to me. This Court issued an Order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), requiring the

1

New York City Law Department to identify Jane Doe defendants who Plaintiff alleged violated his rights [ECF No. 9].  Plaintiff participated in the litigation for a period of time.  During that time, there was some back-and-forth about compliance with the *Valentin* Order [ECF Nos. 16, 21, 23, 25, 26], the Court held a telephone conference in which Plaintiff participated [ECF No. 29], and Plaintiff filed letters complaining about the conditions of his confinement and notifying the Court that he had been relocated a different facility [ECF Nos. 24, 27, 41].  Plaintiff also filed a Second Amended Complaint [ECF No 31].

Defendants filed a motion to dismiss the Second Amended Complaint [ECF Nos. 47, 48, 49].  In response, Plaintiff requested leave to amend his pleading further [ECF Nos. 51, 52].  In an Order dated January 13, 2023, in light of its obligation to grant *pro se* litigants special leniency, the Court granted Plaintiff's request to amend further, and, therefore, denied Defendants' motion to dismiss as moot [ECF No. 58].  In that Order, the Court directed Plaintiff to file his contemplated third amended complaint by March 13, 2023 [ECF No. 58].  The Court warned Plaintiff that it would be his "last opportunity to amend his pleading" [ECF No. 58].

Plaintiff never complied with the Court's January 13, 2023 Order, nor has he complied with any other order the Court has issued since then.  Between January 13, 2023 and late April 2023, Plaintiff filed three letters.  First, he filed a letter notifying the Court that he had again been relocated to a different facility and requesting copies of court documents, "so that [he could] make . . . corrections" to his pleading [ECF No. 59].  The Clerk of Court responded by mailing a letter to Plaintiff's new address informing him that the "documents . . . requested will be furnished upon receipt of the statutory fee."  Second, Plaintiff filed a letter reiterating his allegations that his rights had been violated [ECF No. 60].  Third, on April 25, 2023, Plaintiff filed a letter requesting "an update as to what is going on in this case" [ECF No. 62].

Plaintiff has not taken any action to prosecute this case since he filed the April 25, 2023 letter requesting an update. The Court later issued an order explaining that the Court had set a deadline for Plaintiff to file a third amended complaint and, although he "did file several letters," he "did not file a third amended complaint" [ECF No. 63]. In that order, the Court set a new deadline for Plaintiff to file a third amended complaint [ECF No. 63]. The Court attached a pleading form for use by *pro se* prisoners and explained that any third amended complaint had to "be captioned to indicate" that it was a pleading [ECF No. 63]. The Court warned Plaintiff that the new deadline would be his last opportunity to amend and, if he failed to amend by the new deadline, Defendants would be permitted to refile their motion to dismiss the Second Amended Complaint [ECF No. 63]. Plaintiff, however, did not file a third amended complaint, or request more time to do so, or take any other action to prosecute this case, which has been stuck at the pleading stage for three and a half years.

The Court later set a new briefing schedule for Defendants' motion to dismiss the Second Amended Complaint [ECF No. 66]. In that order, the Court set a deadline for Plaintiff to file an opposition and warned the parties that "[f]ailure to comply" could "result in sanctions" [ECF No. 66]. Defendants filed a renewed motion to dismiss the Second Amended Complaint on October 19, 2023 [ECF Nos. 67, 68, 69]. Plaintiff, however, failed to file an opposition, and Defendants' motion to dismiss has now been pending, unopposed, for nearly a year.

Accordingly, in an Order dated May 16, 2024, the Court gave Plaintiff "a final opportunity" to oppose dismissal of this action [ECF No. 73]. The Court directed Plaintiff to file an opposition by June 3, 2024 and warned that "**failure to comply with this Order may result in sanctions, including dismissal for failure to prosecute**" [ECF No. 73]. Plaintiff failed to file anything in response to the Court's May 16, 2024 Order.

Thereafter, the Court issued an Order To Show Cause dated July 15, 2024 [ECF No. 74]. The Court directed Plaintiff to file a letter by August 5, 2024 showing cause why this case should not be dismissed for failure to prosecute. The Court expressly warned: "**Failure to file a letter by August 5, 2024 will result in dismissal with prejudice**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. **This is Plaintiff's final opportunity to prosecute his case and avoid dismissal for failure to prosecute**" [ECF No. 74 (emphasis in original)]. Plaintiff again failed to file anything by the deadline.

Nevertheless, in an Order To Show Cause dated August 12, 2024, the Court tried again to prompt Plaintiff to prosecute this case [ECF No. 75]. In its August 12, 2024 Order To Show Cause, the Court explained that Plaintiff had failed to comply with court orders and to prosecute this case for more than a year, but the Court was mindful of Plaintiff's earlier participation in this litigation and the Second Circuit's instruction to dismiss a *pro se* plaintiff's case for failure to prosecute only in extreme situations [ECF No. 75 at 1–2 (citing *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014)]. The Court gave Plaintiff "**one last opportunity to avoid dismissal with prejudice**" [ECF No. 75 at 2 (emphasis in original)].

The Court ordered Plaintiff to file a letter by August 30, 2024 showing cause why this case should not be dismissed for failure to prosecute [ECF No. 75]. The Court warned: "**THIS IS PLAINTIFF'S LAST CHANCE TO PROSECUTE THIS CASE. FAILURE TO COMPLY WITH THIS ORDER AND FILE A LETTER BY AUGUST 30, 2024 WILL RESULT IN DISMISSAL WITH PREJUDICE**" [ECF No. 75 at 2 (emphasis in original)]. Plaintiff failed to file anything in response to the August 12, 2024 Order To Show Cause.

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an

action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is a harsh sanction, and a district court may dismiss a *pro se* plaintiff's case for failure to prosecute only in extreme circumstances. *See Baptiste*, 768 F.3d at 217; *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). However, the Secord Circuit has held that a district court is within its discretion to impose the harsh sanction of dismissal for failure to prosecute where, as here, a *pro se* plaintiff causes significant delay, receives notice that he faces dismissal, and fails to respond to the threat of dismissal. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008).

The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *See Baptiste*, 768 F.3d at 216.

The Court has carefully weighed each of these factors and concludes that dismissal is clearly warranted. The first factor, the duration of Plaintiff's noncompliance, weighs in favor of dismissal. As explained above, Plaintiff has not complied with any court order since January 2023. He has not taken any action to prosecute this case since April 2023. The Second Circuit has held that shorter periods of noncompliance or inaction supported dismissal. *See Ruzsa*, 520 F.3d at 177 (ruling, in a *pro se* case, that a seven-month period of inaction was a delay of significant duration for purposes of dismissal pursuant to Rule 41(b)); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664,

666 (2d Cir. 1980).

Second, the Court has clearly and repeatedly put Plaintiff on notice that failure to comply with court orders and prosecute this case might result in dismissal, including two Orders To Show Cause why the case should not be dismissed for failure to prosecute [ECF Nos. 74, 75]. Long ago, in an order setting a briefing schedule for Defendants' renewed motion to dismiss, the Court issued a general warning that failure to comply with court orders could result in sanctions [ECF No. 66]. Then, in its Order dated May 16, 2024, giving Plaintiff another opportunity to oppose the motion to dismiss, the Court specifically warned Plaintiff that "**failure to comply with this Order may result in sanctions, including dismissal for failure to prosecute**" [ECF No. 73]. In the July 15, 2024 Order To Show Cause, the Court warned: "**This is Plaintiff's final opportunity to prosecute his case and avoid dismissal for failure to prosecute**" [ECF No. 74 (emphasis in original)]. Despite Plaintiff's failure to respond to this clear warning, the Court gave Plaintiff another chance. In the August 12, 2024 Order To Show Cause, the Court warned: "**THIS IS PLAINTIFF'S LAST CHANCE TO PROSECUTE THIS CASE.  FAILURE TO COMPLY . . . WILL RESULT IN DISMISSAL WITH PREJUDICE**" [ECF No. 75 at 2 (emphasis in original)]. These warnings "indisputably gave [Plaintiff] notice" that his case "would be dismissed for future transgressions." *Mitchell*, 708 F.3d at 468.

Third, the Court concludes that Defendants are likely to be prejudiced by further delay. Defendants originally moved to dismiss the Second Amended Complaint in June 2022 [ECF Nos. 47, 48, 29]. The Court denied that original motion as moot because Plaintiff had requested leave to amend his pleading further, and the Court granted Plaintiff's request because he is *pro se* [ECF No. 58]. But, as explained above, Plaintiff never filed his contemplated third amended complaint. As such, the Court directed Defendants to refile their motion to dismiss the Second Amended

Complaint, which has now been pending, without any response from Plaintiff, for nearly a year, since October 2023 [ECF Nos. 66, 67, 68, 69]. Because of Plaintiff's failure to comply with court orders and file either the third amended complaint that he requested leave to file, or an opposition to Defendant' renewed motion to dismiss the Second Amended Complaint, this case has stalled at the pleading stage. Discovery has not yet begun. If the Court were to give Plaintiff even more time to file an opposition and then deny Defendants' motion to dismiss, Defendants could be prejudiced in their abilities to mount a defense because the events at issue have grown stale while Plaintiff has failed to prosecute this case. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (noting that evidence becomes increasingly unlikely to be available as time passes).

The fourth factor—balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weighs in favor of dismissal. The Second Circuit has recognized that dismissal for failure to prosecute "is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). The Court has hundreds of cases and cannot spend its days attempting to prompt plaintiffs to prosecute them. The Court has given Plaintiff "ample opportunity" to be heard, *Ruzsa*, 520 F.3d at 178, including several chances to file a third amended complaint, to oppose the renewed motion to dismiss, and to simply file a letter stating that the case should not be dismissed for failure to prosecute. Plaintiff failed to take those opportunities.

Finally, the Court has considered lesser sanctions. *See Baptiste*, 768 F.3d at 216. Because Plaintiff is *pro se*, the Court cannot simply impose monetary sanctions on counsel. Moreover, "in light of [Plaintiff's] failure to respond to the notice[s] threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case." *Ruzsa*, 520 F.3d at 178. As such, in

7

this circumstance, the Court finds that dismissal is the appropriate sanction.

### III.   CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that this case is DISMISSED with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.

The Clerk of Court respectfully is requested to terminate the motion at docket entry 67 and to close this case.

**SO ORDERED.**

**September 3, 2024**  
**New York, NY**

**MARY KAY VYSKOCIL**  
**United States District Judge**